UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-270 |
| | § | |
| LIVE OAK COUNTY POST NO. 6119 VETERANS OF FOREIGN WARS; dba VFW POST 6119; aka LIVE OAK COUNTY VFW POST 6119, *et al*, | § § § § § § | |
|     Defendants. | § | |

## **ORDER**

On this day came on to be considered Defendant's April 14, 2009 Supplemental Brief. (D.E. 46.) For the reasons discussed below, the Court hereby ORDERS that (1) Defendant is entitled to a trial by jury under the Seventh Amendment, and (2) Defendant's version of the facts, if true, does not give rise to a violation of 47 U.S.C. §§ 553 or 605.

### **I.    Jurisdiction.**

The Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff brings suit pursuant to 47 U.S.C. §§ 553 and 605.

### **II.    Factual and Procedural Background.**

On February 24, 2009, the Court entered an order in the above-styled action denying various pending motions, including both parties' motions for summary judgment, Defendant's motion to dismiss, Plaintiff's motion for leave to file an amended complaint, Defendant's motion for sanctions, and both parties' motions to strike. (D.E. 45.) The Court also invited additional briefing on two issues: (1) whether Defendant is entitled to a jury trial, and (2) whether the

factual scenario, as alleged by Defendant, gives rise to a violation of 47 U.S.C. §§ 553 and/or 605.  (Id. at 12-13.)

On April 14, 2009, Defendant filed a supplemental brief in response to the Court's order.  (D.E. 46.)  Defendant argued that it is entitled to a jury trial, and raised various issues related to the "intent" necessary to establish a violation of  47 U.S.C. § 605.  (D.E. 46.)  Plaintiff filed a response in opposition on May 8, 2009.  (D.E. 47.)

**III.   Discussion.**

    **A.   Defendant is Entitled to a Jury Trial.**

"In determining whether a party is entitled to a trial by jury, a court must first determine whether the subject statute affords such a right … "  National Satellite Sports, Inc. v. Prashad, 76 F. Supp. 2d 1359, 1360 (S.D. Fla. 1999) (citing Tull v. U.S., 481 U.S. 412, 417 n.3 (1987)).  "[I]f a statute is ambiguous as to whether a jury right accompanies a cause of action, the court must determine whether the Seventh Amendment affords the right to a trial by jury."  Charter Communs. Entm't I, LLC v. McGuinness, C.A. No. 3:00CV287, 2003 U.S. Dist. LEXIS 17240, at *3 (D. Conn. Sept. 29, 2003).  "The Seventh Amendment affords such a right only if the relief sought by the litigant is legal.  Equitable relief is not accompanied by such a right."  Id.  "Relief is considered legal, as opposed to equitable, for this purpose if it is analogous to a common law remedy that existed as of 1791, the year of the Seventh Amendment's adoption."  Id.; see also Prashad, 76 F. Supp. 2d at 1360 ("[T]he court must … employ a constitutional analysis to determine whether the action in question is similar to a 'suit[] at common law' and, therefore, subject to a jury trial under the Seventh Amendment of the United States Constitution.")

47 U.S.C. §§ 553 and 605 do not expressly provide for a jury trial.  McGuinness, 2003 U.S. Dist. LEXIS 17240 at *4 ("Title 47 U.S.C. §§ 553 and 605 do not contain language

explicitly granting the right to trial by jury for statutory damages.") Thus, the Court must proceed to the constitutional analysis. Id.; Prashad, 76 F. Supp. 2d at 1360.

Neither the Fifth Circuit nor any district court in the Fifth Circuit has addressed whether defendants are entitled to a jury trial in cases brought pursuant to sections 553 and 605 seeking statutory damages, and there is a split of authority among other district courts. See McGuinness, 2003 U.S. Dist. LEXIS 17240 at *5-6, Prashad, 76 F. Supp. 2d at 1362, Joe Hand Promotions v. Nekos, 18 F. Supp. 2d 214, 217 (N.D.N.Y 1998), Metrovision, Inc. v. Wood, 864 F. Supp. 675, 680 (E.D. Mich. 1994), Storer Cable Communications, Inc. v. Joe's Place Bar & Restaurant, 819 F. Supp. 593, 597 (W.D. Ky. 1993) (five district courts finding that there is *no* jury right); but see Time Warner Cable of N.Y. City v. Negovan, 99 Civ. 5910, 2001 U.S. Dist. LEXIS 15900, at *21-22 (E.D.N.Y. July 30, 2001), Time Warner Cable v. Kline, 00 Civ. 2897, 2000 U.S. Dist. LEXIS 18280, at *11 (S.D.N.Y. Dec. 12, 2000), National Satellite Sports, Inc. v. Cotter's Lounge, Inc., 88 F. Supp. 2d 1024, 1027 (E.D. Mo. 2000), National Satellite Sports v. No Frills Restaurant, 15 F. Supp. 2d 1360, 1364 (S.D. Fla. 1998), General Instrument Corp. v. Nu-Tek Elecs. & Mfg., C.A. No. 93-CV-3854, 1996 U.S. Dist. LEXIS 4946, at *7-8 (E.D. Pa. Apr. 12, 1996) (five district courts finding that there *is* a jury right). The Courts that have found that there is a jury right have generally done so on the basis that sections 553 and 605 "prohibit the theft of a cable television operator's service or, stated differently, the conversion of the operator's intangible property. Claims for conversion of personal property are legal claims for which there is a right to a trial by jury." Kline, 2000 U.S. Dist. LEXIS 18280 at *8 (citing Ross v. Bernhard, 396 U.S. 531, 533 (1970); Robine v. Ryan, 310 F.2d 797, 798-99 (2nd Cir. 1962).) These courts have also noted that "an award of statutory damages pursuant to [sections 553 and 605] is intended to address a traditionally legal object – punishment." Id. at *9. The Courts that have

found no jury right, on the other hand, have generally done so on the basis that "the statutory damages under [sections 553 and 605] are restitutionary, and therefore equitable, in nature." McGuinness, 2003 U.S. Dist. LEXIS 17240 at *4-5.

Both of these positions have merit. This Court, however, is most persuaded by the opinion in Kline from the Southern District of New York, stating:

> [T]here is no indication in the Communications Act or its legislative history that statutory damages were intended to address restitutionary interests to the exclusion of punitive interests or vice versa; both punishment and restitutionary goals are properly considered in assessing statutory damages. Since the former is a legal remedy for which there is a right to a trial by jury while the latter is an equitable interest for which there is no countervailing "right" to a bench trial, 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2317 (2d ed. 1995), **trying this case to a jury will ensure that the right provided by the Seventh Amendment is recognized and enforced to the fullest extent possible while no rights justify the alternative course**.

Kline, 2000 U.S. Dist. LEXIS 18280 at *10-11 (emphasis added). In light of the competing case law, this Court chooses to err, if at all, in favor of protecting Defendant's Seventh Amendment rights. Accordingly, the Court finds that Defendant is entitled to a jury trial in this case.

**B.     Defendant's Version of the Facts, if True, Exonerates it from Liability.**

Defendant's supplemental brief suggests that Defendant misunderstood the Court's request for further briefing on the issue of whether Defendant's version of the facts, if true, gives rise to a violation of section 553 and/or 605. Defendant devotes much of its brief to discussing the "intent" element of the offense; the Court, however, has never questioned the fact that violations of sections 553 and 605 need not be knowing. See Garden City Boxing Club, Inc. v. Vinson, No. 3-03-CV-0700-BD(P), 2003 U.S. Dist. LEXIS 26180, at *8 fn. 2 (N.D. Tex. Sept. 3, 2003) ("Plaintiff need not prove that defendant engaged in willful or knowing conduct in order to establish liability under section 605(a) of the FCA.") (citing Kingvision Pay Per View, Ltd. v. Williams, 1 F. Supp.2d 1481, 1484 (S.D. Ga. 1998) (knowledge of violation relates to damages

and not liability); That's Entertainment, Inc. v. Old Bridge Tavern, No. 94 C 2612, 1996 U.S. Dist. LEXIS 3872, at *5-6 (N.D. Ill. Mar. 28, 1996) (same)); Top Rank v. Gutierrez, 236 F. Supp. 2d 637, 648-649 (W.D. Tex. 2001) ("As to defendants' argument that they lacked knowledge about the residential nature of the cable account … the statute [§ 553] does not require a knowing violation.").

Rather, the Court questioned in its February 24, 2009 Order, whether Defendant may be held liable pursuant to sections 553 and 605 even if its own version of the facts is true[1]—*i.e.*, whether *Plaintiff* is entitled to summary judgment on the issue of liability. (D.E. 45 at 10-11.) The Court, in its prior order, found this proposition doubtful, and now confirms its position, holding that Defendant's version of the facts, if true, does *not* give rise to a violation of section 553 and/or 605.[2]  Sections 553 and 605 are designed to prohibit the "the unauthorized interception, reception, and broadcast of satellite cable communications." J&J Sports Prods. v. Valdez, C.A. No. L-08-42, 2008 U.S. Dist. LEXIS 98603, at *3 (S.D. Tex. Dec. 4, 2008).  The broadcast at issue in this case was "unauthorized" only if it was displayed to patrons of a commercial establishment or in an area open to the public, *e.g.*, in a theater, arena, bar, club, lounge, or restaurant. See D.E. 45 at 2; see also Setanta Sports N. Am. Ltd. v. Giannakopoulos, C.A. H-07-2318, 2008 U.S. Dist. LEXIS 50716, at *12-13 (S.D. Tex. June 25, 2008) (finding a violation of section 605 where a bar owner purchased an event through his residential cable

---

[1] Defendant's version of the facts, as recited in the Court's February 24, 2009 Order: "Mark L. Dobbins, the Quartermaster for VFW 6119, is a DirecTV subscriber. On May 6, 2006, he ordered the Event [the May 6, 2006 de la Hoya fight] from his residence, through his residential DirecTV account, with the intent to watch it at home. Immediately prior to the Event, however, he lost power to his residence. Wishing to watch the Event, he, his wife, his three step-children and two friends took his DirecTV box to the VFW 6119 Canteen, a lounge operated by VFW 6119, and set it up there. That night, the Canteen was not open to the public. The only persons who viewed the Event at the Canteen were the seven persons, mentioned above, who would have watched the Event at Mr. Dobbins' residence had he not lost power." (D.E. 45 at 3-4.)

[2] The Court notes that Plaintiff, given the opportunity through supplemental briefing to support its original argument that Defendant is liable even under its own version of the facts, declined to do so. (D.E. 47 at 9.)  Instead, Plaintiff used its supplemental brief to argue that summary judgment in favor of Defendant is not warranted in light of the parties' factual disputes.  (Id.)

account ("JumpTV" account) and broadcast it to 60 patrons at his bar, and stating that "JumpTV's authorization did not extend to **exhibitions at commercial establishments**") (emphasis added); Garden City Boxing Club, Inc. v. Vinson, No. 3-03-CV-0700-BD(P), 2003 U.S. Dist. LEXIS 26180, at *6 (N.D. Tex. Sept. 3, 2003) ("The fact that defendant may have purchased and lawfully received the Lewis-Tyson fight from DirecTV does not immunize her from liability for then **broadcasting the event to patrons at her bar** without obtaining authorization from plaintiff, the exclusive licensee.") (emphasis added) (citations omitted).

Defendant alleges that it did not display the fight to patrons of its establishment; rather, a residential DirecTV subscriber purchased the fight legally from DirecTV, intending to watch it at his residence, but, for reasons beyond his control—*i.e.*, a power outage—watched it at the VFW with the same group of people that would have watched it in his home. (D.E. 45 at 3-4.) The Court declines to impose liability on the VFW for a broadcast that would, unquestionably, have been entirely legal had a power outage not forced the subscriber to change locations from his home to the VFW Canteen. As Plaintiff correctly notes in its opposition, however, this does resolve the parties' dispute. (D.E. 47 at 9-10.) It is now up to the jury to determine whether Plaintiff's or Defendant's version of the facts is true. If the jury believes Plaintiff's version of the facts[3], Defendant may still be held liable pursuant to section 553 and/or 605.[4]

---

[3]    Plaintiff's version of the facts, as recited in the Court's February 24, 2009 Order: "On May 6, 2008, at approximately 8:00 PM, Plaintiff's auditor, David Dominguez, viewed the Event at VFW 6119. The bar was open and Mr. Dominguez purchased a drink. Mr. Dominguez witnessed the Event playing on two television screens, and counted up to thirty-two people in attendance." (D.E. 45 at 3.)

[4]    The Court stated, in its February 24, 2009 Order, that "Plaintiff has adequately pled violations of both section 553 and 605; **Plaintiff, however, must address whether § 553, § 605, or both apply prior to the award of any damages**." (D.E. 45 at 7, note 3 (emphasis added).)  Plaintiff has not yet complied with this mandate. Accordingly, the Court hereby ORDERS Plaintiff the address this issue in the parties' Joint Pre-Trial Order.

## IV. Conclusions.

Based on the foregoing, the Court hereby ORDERS that (1) Defendant is entitled to a trial by jury under the Seventh Amendment, and (2) Defendant's version of the facts, if true, does not give rise to a violation of 47 U.S.C. §§ 553 and/or 605.

SIGNED and ORDERED this 20th day of May, 2009.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge