UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-270 |
| | § | |
| LIVE OAK COUNTY POST NO. 6119 | § | |
| VETERANS OF FOREIGN WARS; dba VFW | § | |
| POST 6119; aka LIVE OAK COUNTY VFW | § | |
| POST 6119, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day came on to be considered Defendant's Motion for New Trial. (D.E. 88.) For the reasons stated herein, Defendant's Motion is DENIED.

**I.   Jurisdiction**

The Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because Plaintiff brought suit pursuant to the Communications Act, 47 U.S.C. § 605.

**II.   Procedural Background**

On May 6, 2008, Plaintiff J&J Sports Productions, Inc. filed suit against Defendant Live Oak County Post No. 6119 Veterans of Foreign Wars, alleging a violation of the Communications Act, 47 U.S.C. §§ 553 and 605, for displaying the Championship boxing match between Oscar de la Hoya and Ricardo Mayorga, including undercard and preliminary bouts (the "Boxing Match") to members of the public. (D.E. 1.) Plaintiff subsequently elected to proceed solely on the basis of 47 U.S.C. § 605. (D.E. 56 at 3.) The case went to trial before a jury, and on July 2, 2009 the jury returned with a verdict in favor of Plaintiff, finding that Defendant violated Section 605 and did so willfully, but not for purposes of direct or indirect commercial

advantage or private financial gain. (D.E. 76.) The Court awarded Plaintiff $1,000 in statutory damages and $6,000 in attorney's fees, and entered final judgment on September 3, 2009. (D.E. 85.) Defendant now moves for a new trial, pursuant to Federal Rule of Civil Procedure 59. (D.E. 88.)

**III.     Discussion**

Federal Rule of Civil Procedure 59 permits the court to "grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The decision to grant or deny a motion for new trial falls within the district court's discretion. Foradori v. Harris, 523 F.3d 477, 503-04 (5th Cir. 2008).

Federal Rules of Civil Procedure 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision . . . . A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." Smith v. Transworld Drilling Co., 773 F.2d 610, 612-13 (5th Cir. 1985) (internal citations omitted); see Cates v. Creamer, 431 F.3d 456, 460 (5th Cir. 2005). The district court may also grant a new trial "where necessary to prevent an injustice." United States v. Flores, 981 F.2d 231, 237 (5th Cir.1993) (quoting Delta Eng'g Corp. v. Scott, 322 F.2d 11, 15-16 (5th Cir. 1963), cert. denied, 377 U.S. 905 (1964)). Generally, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Sibley v. Lemaire, 184 F.3d 481, 487 (5th Cir. 1999) (internal quotation marks

omitted). The Fifth Circuit has cautioned that, "the district court should not grant a new trial motion unless the jury verdict is at least . . . against the great weight of the evidence. A rule which would permit a court to grant a new trial when the verdict was merely against the greater weight of the evidence . . . would destroy the role of the jury as the principal trier of the facts, and would enable the trial judge to disregard the jury's verdict at will." Spurlin v. General Motors Corp., 528 F.2d 612, 620 (5th Cir. 1976) (internal citations and quotation marks omitted).

Here, Defendant makes three primary arguments in support of its motion for a new trial: (1) the jury verdict was against the great weight of the evidence, (2) the award of damages and attorney's fees was excessive, and (3) the Court erred by failing to instruct the jury as to vicarious liability. As discussed below, Defendant's arguments are without merit.

   A.   **The Verdict is Supported by the Evidence**

Defendant contends that the verdict in favor of Plaintiff both as to liability and willfulness is against the great weight of the evidence. Specifically, Defendant argues that there is a "complete absence of evidence" to support the jury's findings, because (1) no reasonable jury could conclude that Plaintiff's witness David Dominguez was at the VFW Post on the night of the Boxing Match, given his inaccurate descriptions of the VFW property, and (2) Plaintiff's witness Tom Riley was not a "credible or proper witness," because he is an outside attorney hired to send out collection letters and he testified about matters not within his personal knowledge. (D.E. 88 ¶¶ 10-12.)

The Court finds that the verdict in this case is supported by the evidence. The jury listened to the testimony of investigator Dominguez, with proper cross-examination, and believed his testimony. It is not for the Court to second-guess this conclusion. Further, witness Tom Riley was allowed to testify only as to matters within his personal knowledge, such as

whether the VFW Post paid proper licensing fees to show the Boxing Match on the night in question. Mr. Riley did not testify as to matters outside his personal knowledge, such as whether the Boxing Match was being shown at the VFW Post or who was present at the time.

This case "involved a factual dispute between the witnesses for each party and credibility determinations were made by the jury." Deloach v. Delchamps, Inc., 897 F.2d 815, 821 (5th Cir. 1990). Clearly, "[a] jury has the undoubted power to sift the evidence before it and to believe or disbelieve portions of the testimony of various witnesses (or even of the same witness) in constructing its own view of what most probably happened." Scott v. Monsanto Co., 868 F.2d 786, 791 (5th Cir. 1989) (citations omitted). Further, "facts once found by a jury in the context of a civil trial are not to be reweighed and a new trial granted lightly." Spurlin, 528 F.2d at 620. "[T]he fact that the evidence . . . was conflicting on certain elements . . . is not enough in itself to justify" a new trial. Id. As noted above, a court should not "grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." Pryor v. Trane Co., 138 F.3d 1024, 1026 (5th Cir. 1998) (citations omitted). Because the Court concludes that the verdict in favor of Plaintiff was not against the great weight of the evidence, Defendant is not entitled to a new trial on this ground.

### B. Award of Damages and Attorney's Fees

Defendant contends it is entitled to a new trial because the Court's award of statutory damages and attorney's fees is excessive. Defendant further contends that if the Court grants its motion for a new trial, the damages and attorney's fees award must be set aside. (D.E. 88 ¶¶ 13-18.) Defendant states that Plaintiff failed to submit sufficient evidence of attorney's fees, as Plaintiff's affidavit on its own was insufficient, and Plaintiff improperly used a "blended fee" for

attorney's fees, rather than a reasonable fee for attorney and paralegal work actually performed. (D.E. 88 ¶¶ 19-22.)

Far from being excessive or an abuse of discretion, the $1,000 award of statutory damages is the minimum amount of damages allowable under the statute. 47 U.S.C. § 605(e)(3)(C)(i)(II) ("the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just."). Although the statute does provide for reduction of damages to not less than $250 where "the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section," 47 U.S.C. § 605(e)(3)(C)(iii), the jury's finding of willfulness in effect prevents such a reduction. Defendant has failed to cite a single case within the Fifth Circuit supporting its contention that the Court may decline to award damages altogether for a <u>de minimus</u> violation.

The Court also rejects Defendant's claim that the award of attorney's fees was excessive, unreasonable, and unnecessary. (D.E. 88 ¶¶ 16-18.) The Court declined to award the more than $25,000 in attorney's fees requested by Plaintiff, and has already denied Plaintiff's motion to reconsider its award of attorney's fees. (D.E. 87.) The $6,000 award of attorney's fees is appropriate in this case, as it involved multiple motions, a jury trial, and a hearing on damages and attorney's fees. The award is also consistent with other attorney's fees awards in Communications Act cases in this and other Districts in Texas, many of which involved summary judgment, and none of which proceeded to a jury trial. <u>See, e.g.</u>, <u>DirecTV, Inc. v. Estrada</u>, No. L-03-cv-136, 2005 WL 2372066 (S.D. Tex. Sept. 26, 2005) ($5,187.24 in attorney's fees; summary judgment); <u>Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.</u>, 219 F. Supp. 2d 769, 777 (S.D. Tex. 2002) ($4,000 in attorney's fees; summary judgment); <u>DIRECTV,</u>

Inc. v. Pimlott, No. 4:03-1262-Y, 2004 WL 1836108, at *1 (N.D. Tex. Aug. 5, 2004) ($7,465.75 in attorney's fees; summary judgment); National Satellite Sports, Inc. v. Garcia, No. 3:01-1799D, 2003 WL 21448375, at *3 (N.D. Tex. June 18, 2003) ($5,000 in attorney's fees; summary judgment).

The Court's award of damages and attorney's fees was not excessive, unreasonable, or necessary. Defendant is not entitled to a new trial on this basis.

### C.   Jury Instruction or Submission on Vicarious Liability

Finally, Defendant moves for a new trial because it claims it was denied a jury instruction or jury submission on the issue of vicarious liability, and the Court erroneously accepted Plaintiff's contention that vicarious liability was not an issue. ((D.E. 88 ¶¶ 23-29.)

The Court has already considered Defendant's arguments in preparation for trial, and concluded that there is no basis for a vicarious liability instruction in this case. Defendant, as it acknowledges, has failed to cite any case within the Fifth Circuit applying vicarious liability principles in the context of 47 U.S.C. § 605, nor has the Court found such case law. See generally Joe Hand Promotions, Inc. v. Chapa, No. H-08-422, 2009 WL 2215124, at *3 n.2 (S.D. Tex. July 22, 2009) (recognizing that "vicarious liability has not been discussed extensively as it concerns the FCA [Federal Communications Act]."); (D.E. 88 ¶ 24 ("Counsel for Defendant VFW Post 6119 found no Fifth Circuit opinions regarding the issue of vicarious liability relating to 47 U.S.C. § 605.").) In the absence of any such precedent, the Court did not err in refusing to issue an instruction as to vicarious liability, and Defendant is not entitled to a new trial on this ground.

## IV. Conclusion

For the reasons set forth above, the Court hereby DENIES Defendant's Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. (D.E. 88.)

SIGNED and ORDERED this 17th day of September, 2009.

_____
Janis Graham Jack
United States District Judge